NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIELIZ MONCLOVA,** *Plaintiff*, v. **GOLDBERG & WOLF, LLC, et al.,** *Defendants*. | Civil Action No. 17-1481 OPINION |

**THIS MATTER** comes before the Court on five separate motions brought by Defendants Goldberg & Wolf, LLC ("G&W"), Warren S. Wolf ("Wolf"), U.S. Bank, N.A. ("U.S. Bank"), Feitlin, Youngman, Karas, & Gerson LLC ("FYKG"), Residential Home Funding Corporation ("RHF"), and Mayor Ras Baraka, The City of Newark, New Jersey, W. Marzabel, and L. Seguinot (together, "Newark Defendants") (all together, "Defendants"), ECF Nos. 6, 7, 10, 15, 19, to dismiss pro se Plaintiff Marieliz Monclova's ("Plaintiff" or "Monclova") Complaint, ECF No. 1. For the reasons set forth below, the five unopposed motions to dismiss submitted by the above Defendants are **GRANTED.**

**I.     Background**

In these instant motions, Defendants ask the Court to dismiss what is Plaintiff's fourth separate legal action concerning the mortgage and subsequent foreclosure of her home. The Complaint filed in this action contains few details or dates, so the Court will turn to its previous Opinion regarding this matter to summarize the factual background of this case. See Monclova v. U.S. Bank National Association, No. 15-7383, 2016 WL 4260783 (D.N.J. Aug. 11, 2016) (hereinafter "Monclova I").

1

On September 19, 2006, Plaintiff entered into a Mortgage and Note with RHF for a property located at 138 Third Avenue, Newark, NJ 07104 (the "Property"). Id at *1. RHF sold and transferred the Mortgage to CSMC Mortgage-Backed Trust 2007, for whom U.S. Bank serves as a Trustee. Id. On December 24, 2009, U.S. Bank filed an action in the Superior Court of New Jersey, Chancery Division, Essex County ("Foreclosure Action") seeking foreclosure of the Property. ECF No. 7, Ex. A.[1] On May 6, 2011, that court granted summary judgment for U.S. Bank after examining the Mortgage and Note and determining them to be valid. Id., Ex. B, C. Plaintiff does not appear to have appealed that decision. On or about August 26, 2011, Plaintiff filed a new action against U.S. Bank in the Superior Court of New Jersey, Law Division, Essex County ("Quiet Title Action") seeking to challenge the assignment of the Mortgage. Id., Ex. D. On October 27, 2011, the Quiet Title Action was dismissed on U.S. Bank's unopposed motion. Id., Ex E. Plaintiff does not appear to have appealed that decision. On February 3, 2015, U.S. Bank purchased the property at a Sheriff's sale. Monclova I at *1.

On October 9, 2015, Plaintiff filed her first federal complaint, which was dismissed in Monclova I. That complaint sought to challenge the validity of the underlying foreclosure proceeding in state court. Id. This Court declined to exercise jurisdiction, finding that Plaintiff's claims were barred by various preclusion doctrines, including Rooker-Feldman. Id. at *2. The Court also found that Plaintiff had failed to state a claim upon which relief could be granted. Id.

---

[1] On a motion to dismiss, this Court may consider documents that are central to Defendants' claims and are specifically referenced in the Complaint. See Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (citing Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir.), cert. denied, 125 S. Ct. 271 (2004)). Here, the Complaint references the Mortgage, its assignment, and foreclosure actions initiated against Plaintiff. See, e.g., Compl. ¶ 1-4, 23, 53. Accordingly, the Court considers Defendants' submissions of documents related to the Mortgage and the foreclosure proceedings against Plaintiff.

2

at *3. Plaintiff appealed that decision and the Third Circuit affirmed. Monclova v. U.S. Bank, N.A., 675 F App'x 115 (3d Cir. 2017).

The instant Complaint constitutes the fourth separate action in this case. In this Complaint, Plaintiff seeks, yet again, to challenge the foreclosure proceeding in state court. The Complaint contains many conclusory allegations and indiscriminate citations to case law and statutes, but appears, generally, to allege what amounts to a conspiracy between the various Defendants to forge the Mortgage and Note—which were the subjects of both state court actions—and to defraud Plaintiff of the foreclosed Property by enforcing the state Foreclosure Action.

In Count Two, Plaintiff alleges that the Mortgage and Note, which were the subjects of the Foreclosure Action, were fraudulently created. See Compl. ¶¶ 76-81. Specifically, Plaintiff alleges that the documents were "forged . . . through the software known as 'Photo Shop.'" Id. ¶ 77, n.2. In Counts One and Four (there is no Count Three), Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which generally bars debt collectors from engaging in harassing, abusive, or misleading acts while collecting debts. See generally, id.

Plaintiff appears to construe the various Defendants' actions undertaken to litigate Monclova I or to enforce the Foreclosure Action as debt collection practices that violate FDCPA. For example, Plaintiff alleges that Defendants G&W and Wolf, who represented U.S. Bank in Monclova I, and FYKG, who represented RHF in Monclova I, together with their clients, "mailed to Plaintiff that a foreclosure sale was held in regard to the [Property]." Compl. ¶ 63. Plaintiff alleges that the actions of these Defendants—the lawyers and their client-financial institutions—violated the FDCPA because the Defendants "mail[ed] forged and fraudulently created documents to the Plaintiff," Compl. ¶ 60; "threaten[ed] to institute procedures to seize, sell, or garnish the debtor's property when no legal authority existed to exercise such action," id. ¶ 62; and "are

3

attempting to collect upon a contingent and an illegal vapor promissory note and mortgage note." Id. ¶ 81. Plaintiff alleges further violations of FDCPA by the Newark Defendants for actions that appear to stem from their enforcement of the February 3, 2015 Sheriff's sale of the Property. Plaintiff alleges that "Mayor Baraka . . . ordered police officers . . . on or about January 9, 2017 to evict [Plaintiff] from her residency," id. ¶ 65, when "they knew or should have known that the promissory note and the Mortgage Note were forged and fraudulently created." Id. ¶ 77.

## II. Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege

4

the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). The Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a motion to dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

**III. Analysis**

Defendants all move to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff has failed to state a claim upon which relief can be granted. ECF Nos. 6, 7, 10, 15, 19. Defendants U.S. Bank, RHF, and the Newark Defendants also argue that the Court lacks subject matter jurisdiction because of various preclusion doctrines, including Rooker-Feldman, res judicata, collateral estoppel, and the Entire Controversy Doctrine. ECF No. 7, 15, 19.

In Monclava I, this Court dismissed the complaint for lack of jurisdiction and for failure to state a claim. The Court does so again today.

**A. Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, "a district court is precluded from entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling," Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (citing Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998)). A claim is therefore barred by Rooker-Feldman "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (internal citations omitted).

Here, a final judgment in the Foreclosure Action was entered against Plaintiff on May 6, 2011. The judgment was affirmed by the dismissal of the Quiet Title Action on October 27, 2011. The Foreclosure Action "necessarily involved the following essential elements: the validity of the note and mortgage; the alleged default; and [Defendants'] right to foreclose (which would include [Defendants'] standing by assignment or otherwise)," Fraize v. Gov't Nat'l Mortgage Ass'n, No. 14-7152, 2016 WL 958392, at *5 (D.N.J. Mar. 14, 2016) (citation omitted). To credit Plaintiff's claim that her Mortgage and Note were fraudulently manufactured through photo editing software, as she asserts in her Complaint, would "require the Court to take action that would negate the state court's judgment." Monclova I at *2. Therefore, Plaintiff's claims are "inextricably intertwined" with the state court foreclosure action, and the Court does not have subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine.

**B. Res Judicata and the Entire Controversy Doctrine**

Defendants next argue that to the extent that Plaintiff's allegations are not barred by Rooker-Feldman, her claims are barred by res judicata and the Entire Controversy Doctrine.

First, all of Plaintiff's claims as to the Defendant financial institutions, which center on her challenge to the validity of the Mortgage and Note, are barred by res judicata. For res judicata to

6

apply, there must have been a final judgment on the merits in a prior suit involving the same parties based on the same transaction or occurrence. Watkins v. Resorts Int'l Hotel and Casino, Inc., 591 A.2d 592, 599 (N.J. 1991). All elements are met here. Plaintiff has already presented this case before this Court and the Third Circuit, as well as two New Jersey courts. The prior federal suit involved the same Plaintiff and the same financial intuitions, and it involved the same allegation of fraud as is presented in the instant Complaint. And since Plaintiff's additional claims in this action—of conspiracy and of violations of FDCPA—are predicated on the existence of fraud (that is, Defendants cannot have conspired to defraud Plaintiff and cannot have sent Plaintiff fraudulent notices in an attempt to collect a debt if no fraud occurred), Plaintiff's claims regarding conspiracy and FDCPA violations are barred as well.

Second, to the extent that Plaintiff now seeks to litigate new allegations beyond those raised in the Foreclosure Action, those allegations are barred by the Entire Controversy Doctrine. The Entire Controversy Doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action." Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp., 446 F App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). Successive claims are part of the same controversy where they "arise from related facts or from the same transaction or series of transactions." DiTrolio v. Antiles, 142 N.J. 253, 267 (1995). Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action. Leisure Technology–Northeast, Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 349 (App. Div. 1975). Types of claims that courts consider to be germane to a foreclosure action include "those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and challenging the amount due on the mortgage." Zebrowski v. Wells Fargo Bank, N.A., No. 07-5236, 2010 WL 2595237, at *6

7

(D.N.J. June 21, 2010); see also Associates Home Equity Servs. Inc. v. Troup, 343 N.J. Super 254 (App. Div. 2001). Claims are barred where they "arise from the existence of the mortgage and loan and Defendants' rights thereunder." Lewis v. Pennymac Corp., No. 16-1514, 2016 WL 2901707, at *4 (D.N.J. May 18, 2016).

Here, Plaintiff's claims arise out of the same mortgage transaction that was the basis for the Foreclosure Action. Plaintiff now alleges, for the first time, that the Mortgage and Note were fraudulently manufactured through photo editing software, and that Defendants violated FDCPA by enforcing the Foreclosure Action. See Compl. ¶77 n.2, 80. These claims are barred by the Entire Controversy Doctrine. Id. (finding that the borrower's FDCPA claims arose out of the mortgage transaction and were barred by the Entire Controversy Doctrine); see also Siljee v. Atlantic Stewardship Bank, No. 15-1762, 2016 WL 2770806, at *10 (D.N.J. May 12, 2016) (finding RESPA claim was barred because it could have been raised in the mortgage foreclosure action); Mannarino v. Deutsche Bank Nat'l Trust Co., No. 14-7771, 2015 WL 5383995, at *2 (D.N.J. Sept. 14, 2015) (barring FDCPA claim stemming from prior foreclosure action and preceding events).

### C. Failure to State a Claim

Even if the Court is not precluded from exercising subject matter jurisdiction over this Complaint, the Court would still grant Defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

The moving Defendants argue that Plaintiff's Complaint fails to state a claim because Plaintiff fails to set forth a cause of action, ECF No. 10, Plaintiff's allegations are conclusory and lack a sufficient factual basis, ECF Nos. 6, 15, 19, and Plaintiff's FDCPA claims, if meritorious, are barred by FDCPA's one-year statute of limitations. ECF Nos. 6, 7, 15.

Plaintiff's 102-paragraph Complaint is vague, conclusory, and insufficient to state a claim. In Count One, Plaintiff alleges that five of the named Defendants–G&W (the law firm representing U.S. Bank), NJ Reo Asset Management and Realty and Sellstate Property Solutions (the entities that allegedly assisted in the sale of the Property), and the two Newark police officers she later alleges entered her home in an attempt to evict her—used the mail to send "forged and fraudulently created documents to the Plaintiff" in order "to obtain money or property" in violation of FDCPA, Compl. ¶¶ 60-61. Plaintiff alleges this mailing occurred on April 24, 2015. Id. ¶ 63. Plaintiff cites to multiple provisions of FDCPA which she alleges have been violated, but pleads no facts to support that claim. Plaintiff also alleges that Newark Defendants conspired to "evict [Plaintiff] and her family from [the Property]" and "screamed at [Plaintiff] in front of her young children." Id. ¶¶ 65-66.

Count Two is for "Forgery and Fraudulently [sic] Creation of the Mortgage Note." Id. ¶¶ 73-82. Plaintiff alleges that the Note was forged and claims to have hired a third-party to conduct a "scientific forensic examination and investigation" that leads to this conclusion. Id. ¶ 75, n.1. Plaintiff claims the Note has "pink lines . . . which are invisible to the naked eye" that call its authenticity into question. Id. Plaintiff then repeats her general allegations that the five Defendants named in paragraphs 60 and 61, along with U.S. Bank, FYKG, Mayor Baraka, and Ralph Barone, "are attempting to collect upon a contingent and an illegally vapor Promissory Note and Mortgage Note . . . and in the process have violated [FDCPA]." Id. ¶ 81.

In Count Four (there is no Count Three), Plaintiff alleges further violations of FDCPA. Plaintiff does not allege any facts, but merely recites various provisions of the statute and states in a conclusory fashion that Defendants have violated those provisions. Id. ¶¶ 84-102.

9

In none of Plaintiff's three counts does she state a claim upon which relief could be granted. All three counts allege violations of FDCPA based on underlying fraud. Any FDCPA claim, even if valid, is barred by the statute's one-year statute of limitations. 15 U.S.C. § 1692k(d); see Glover v. F.D.I.C., 698 F.3d 139, 148 (3d Cir. 2012). Plaintiff alleges a mailing occurred on April 24, 2015, and cites no other dates regarding alleged FDCPA violations in her Complaint. Thus, the one-year statute of limitations would have expired almost one year before the instant Complaint was filed on March 3, 2017.

Finally, Plaintiff demands punitive damages, actual damages of ten million dollars, and costs and attorney's fees. Compl. ¶ 94, 97, 99. Plaintiff does not identify the cause of action that would lead to the imposition of these remedies.

### IV. Conclusion

For the reasons stated above, Defendants' motions to dismiss, ECF Nos. 6, 7, 10, 15, and 19, are **GRANTED**. Given that the Court does not have subject matter jurisdiction over any of Plaintiff's claim, it would be futile to allow her to re-plead. The Complaint is therefore **DISMISSED with prejudice**. This case is hereby closed. An appropriate order accompanies this opinion.

**Dated: October 23, 2017**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**